Filed 9/11/15  Codilla v. Select Portfolio Servicing CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THERESA CODILLA, | |
| Plaintiff and Appellant, | E061199 |
| v. | (Super.Ct.No. RIC1312092) |
| SELECT PORTFOLIO SERVICING, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Craig Riemer, Judge, and David E. Gregory, Temporary Judge (pursuant to Cal. Const., art. VI, § 21).  Affirmed.

Theresa Codilla, in pro. per., for Plaintiff and Appellant.

Albertson Law, Gila L. Albertson and Eric A. Forstrom for Defendants and Respondents.

Plaintiff and appellant Theresa Codilla is a property owner who defaulted on a real estate loan.  The gravamen of her suit against defendants and respondents Select Portfolio Servicing, Inc. (SPS) and Wilmington Trust Company (Wilmington or, collectively with

1

SPS, defendants) is that the foreclosure proceedings initiated with respect to her property are improper, because defendants do not have the legal authority to initiate them. In this appeal, plaintiff challenges the trial court's decision to sustain defendants' demurrer without leave to amend. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff refinanced the property at issue in March 2006, executing a promissory note in the amount of $203,000, secured by a deed of trust. Shortly thereafter, the loan was pooled with other loans in a securitized investment trust. Wilmington is the successor trustee of that securitized investment trust. In 2012, a notice of default and election to sell and, subsequently, a notice of trustee's sale, were recorded with respect to the property. No trustee's sale was held on the noticed date, however, and indeed no trustee's sale has yet taken place, according to briefing submitted in this appeal.

Plaintiff brought suit in October 2013, and the operative first amended complaint (complaint) was filed in February 2014. The complaint purports to assert three causes of action: (1) "Void Assignment of Trust Deed"; (2) "Quiet Title"; and (3) "Injunctive [R]elief."

Defendants' demurrer to the first amended complaint was filed in March 2014, and heard by the trial court on April 10, 2014. The court sustained the demurrer without leave to amend. On April 22, 2014, the court entered judgment by filing a signed "Order of Dismissal."

2

## II. DISCUSSION

### A. Standard of Review.

A demurrer should be sustained when "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).)

"We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citations.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citations.] We liberally construe the pleading with a view to substantial justice between the parties. [Citations.]" (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

"'If we determine the facts as pleaded do not state a cause of action, we then consider whether the court abused its discretion in denying leave to amend the complaint. [Citation.] It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment. [Citation.]' [Citation.]" (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1204.) However, "'[s]uch a showing can be made for the first time to the reviewing court [citation] . . . .' [Citation.]" (*San Diego City Firefighters, Local 145 v. Board of Administration etc.* (2012) 206 Cal.App.4th 594, 606.) "Whether a plaintiff will be able to prove its allegations is not relevant. [Citation.]" (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1057.)

**B. Analysis**

On appeal, plaintiff's opening brief explicitly addresses only her first cause of action, for void assignment of trust deed.[1] She argues that purported flaws in the chain of title to the note and the deed of trust rendered the assignments void, and leaving the parties attempting to foreclose on her property without authority to do so. We find plaintiff lacks standing to raise this argument.

There is no California authority in support of the notion that a borrower in default on a loan has standing to attack a purportedly void assignment of a note or deed of trust to which it is not a party as a means of forestalling the foreclosure process. To the contrary, the applicable case law holds that California's comprehensive nonjudicial foreclosure scheme does not provide for a preemptive action to challenge the authority of the party initiating foreclosure, absent unusual circumstances not present here. (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 512-513 (*Jenkins*).) We agree that allowing such a cause of action would "fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1155 (*Gomes*).)

---

[1] As such, plaintiff has waived any claim of error with respect to the dismissal of her second and third causes of action. (*Dieckmeyer v. Redevelopment Agency of Huntington Beach* (2005) 127 Cal.App.4th 248, 260 ["An appellant's failure to raise an argument in its opening brief waives the issue on appeal."].) In any case, however, they were properly dismissed, for the same reasons described in this opinion with respect to plaintiff's first cause of action, in addition to other fatal flaws that we need not discuss.

4

In arguing otherwise, plaintiff quotes at great length and relies virtually entirely on *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079 (*Glaski*). In that case, the court determined that the borrower had standing to attack a void assignment to which it was not a party. (*Id.* at p. 1095.) *Glaski*, however, unlike the present case, and unlike *Gomes* and *Jenkins*, involved a post-foreclosure action for damages, not an action to prevent foreclosure. (See *Glaski*, *supra*, at p. 1086.)

Moreover, we doubt that *Glaski* was correctly decided. (See *People v. Gipson* (2013) 213 Cal.App.4th 1523, 1529 ["It is true that we typically follow the decisions of other appellate districts or divisions, but only if we lack good reason to disagree."].) Among other things, the *Glaski* court relies on federal case law interpreting the law of other jurisdictions. (*Glaski*, *supra*, 218 Cal.App.4th at pp. 1094-1095.) California cases hold, however, that even in post-foreclosure actions a borrower lacks standing to challenge an assignment absent a showing of prejudice. (E.g., *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 85-86 (*Siliga*).) We are not aware of any California case that has followed *Glaski* on the issue of a borrower's right to challenge a foreclosure based on an allegedly improper assignment. We will not be the first.[2]

---

[2] The California Supreme Court has granted review of several cases in which the court of appeal had rejected *Glaski*—the lead case is *Yvanova v. New Century Mortgage Corp.* (2014) 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973. Unless and until the Supreme Court requires us to do otherwise, however, we will follow what we view to be the better reasoned authority of cases like *Jenkins*, *Gomes*, and *Siliga*.

With respect to the issue of leave to amend, plaintiff has proposed no specific amendments that she could make to cure the pleading defects identified above, and we can conceive of none. Accordingly, the trial court did not err when it sustained defendants' demurrer without leave to amend.

## III. DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

J.

We concur:

RAMIREZ

P. J.

MILLER

J.